UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JEFFREY PORTER, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 1:13-CV-278 |
| ) | |
| CAROLYN W. COLVIN, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| Defendant ) | |

## OPINION AND ORDER

Jeffrey Porter seeks judicial review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits and Supplemental Security Income under the Social Security Act, 42 U.S.C. §§ 423 and 1381 *et seq.* The court has jurisdiction over this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons that follow, the court affirms the Commissioner's decision.

Mr. Porter asserted disability as of December 22, 2009 due to multiple physical and mental impairments, including fibromyalgia, pain, muscle weakness, high blood pressure, depression, and anxiety. His applications were denied initially, on reconsideration, and after an administrative hearing at which he was represented by counsel.

In evaluating Mr. Porter's claim of disability, the ALJ considered the medical evidence presented at the hearing and testimony from Mr. Porter and a vocational

expert, Marie Kieffer. Applying the agency's standard five-step analysis, 20 C.F.R. § 404.1520, the ALJ found that:

(1) Mr. Porter had not engaged in substantial gainful activity since December 22, 2009.

(2) He had severe physical impairments (fibromyalgia, mild degenerative disc disease, obstructive sleep apnea and obesity), and several "non-severe" impairments (a history of hernia surgery, reflex disease, abdominal pain of undetermined origin, anxiety, and depression).

(3) Mr. Porter didn't have an impairment or combination of impairments that met or equaled the severity of any impairment listed in 20 C.F.R. Part 404, Subpt. P, App. 1, specifically Listings 1.00 and 12.06.

(4) He had the residual functional capacity to perform light work, with limitations,[1] but was unable to perform his past relevant work as a maintenance worker, stock clerk, or fabric inspector.

(5) Mr. Porter could perform other jobs that existed in significant numbers in the national economy, including: electrical accessory assembler, serveillance system monitor, small products assmebler, and electronics worker.

---

[1] The ALJ found that Mr. Porter could occasionally reach overhead bilaterally and frequently do other reaching, was limited in pushing/pulling, and had no limits in handling and fingering; had to avoid wetness, slippery surfaces, heights, and being around unprotected machinery. The restriction were based upon the evidence that the claimant was obese, had mild degenerative disc disease, firbromyalgia and obstructive sleep apnea.

The ALJ thus concluded that Mr. Porter was not disabled within the meaning of the Act, and was not entitled to benefits. When the Appeals Council denied Mr. Porter's request for review, the ALJ's decision became the final decision of the Commissioner of Social Security. Jones v. Astrue, 623 F.3d 1155, 1160 (7th Cir. 2010). This appeal followed.

Mr. Porter contends that substantial evidence doesn't support the ALJ's findings about the severity of his mental impairments and his residual functional capacity. He contends that his testimony and statements made by two of his treating physicians (Dr. Charles Kalsted and Dr. Santosh Singh) establish that he suffered from severe depression and anxiety, and that the ALJ erred when she discredited his testimony and failed to include mental limitations in her residual functional capacity assessment.

The issue for the court isn't whether Mr. Porter is disabled, but whether substantial evidence supports the ALJ's decision that he is not. Scott v. Astrue, 647 F.3d 734, 739 (7th Cir. 2011); Nelms v. Astrue, 553 F.3d 1093, 1097 (7th Cir. 2009). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Jones v. Astrue, 623 F.3d 1155, 1160 (7th Cir. 2010). In reviewing the ALJ's decision, the court can't reweigh the evidence, make independent findings of fact, decide credibility, or substitute its own judgment for that of the Commissioner, Simila v. Astrue, 573 F.3d 503, 513 (7th Cir. 2009);

3

Powers v. Apfel, 207 F.3d 431, 434-435 (7th Cir. 2000), but it "will conduct a critical review of the evidence, considering both the evidence that supports, as well as the evidence that detracts from, the Commissioner's decision." Briscoe v. Barnhart, 425 F.3d 345, 351 (7th Cir. 2005). While the ALJ isn't required "to address every piece of evidence or testimony presented, [s]he must provide a 'logical bridge' between the evidence and the conclusions so that [the court] can assess the validity of the agency's ultimate findings and afford the claimant meaningful judicial review." Jones v. Astrue, 623 F.3d at 1160.

The ALJ's assessment of the severity of Mr. Porter's mental impairments is supported by the mental status examination completed by Ceola Berry, Ph.D., a consulting and examining psychologist, who opined that "Mr. Porter's ability to work would be primarily affected by his perceived physical limitations and secondarily by mood states," (AR 765-767), and a Psychiatric Review Technique form completed by state agency psychologist, F. Kladder, Ph.D., on January 11, 2011 (AR 765-767) and "affirmed" by B. Randal Horton, Psy.D. (AR 871), concurring with Dr. Berry's diagnosis and opinion and finding that Mr. Porter had no functional limitations in activities of daily living, social functioning, or maintaining concentration, persistence or pace, and no episodes of decompensation. (AR 773-786). None of the treating medical sources offered a contrary opinion.

4

Dr. Kalsted, an emergency room physician at Marion General Hospital, treated Mr. Porter once, in December 2009, for triceps tendonitis. Dr. Kalsted commented in his report that Mr. Porter "was a little odd in term of his personality and the way he presents overall", but treated him for the symptom that he presented with (elbow pain), prescribed Prednisone and Vicodin, and recommended follow-up with orthopedics. The ALJ didn't address Dr. Kalsted's statement in evaluating Mr. Porter's mental impairment, but he wasn't required "to address every piece of evidence or testimony presented." Jones v. Astrue, 623 F.3d at 1160. Dr. Kalsted didn't indicate that Mr. Porter's social functioning was restricted, as Mr. Porter contends, and his remark wasn't objective evidence of a severe mental impairment. He saw Mr. Porter only once, and his diagnosis and treatment were limited to a physical impairment.

Dr. Singh, a treating psychiatrist, opined in a March 2010 intake interview report that Mr. Porter suffered from major depression (severe and recurrent) and panic disorder based upon Mr. Porter's answers to a self-rating Zung Depression Scale test.[2] (AR 758-759). He prescribed Prozac and directed Mr. Porter to follow up in two weeks. Progress notes show that Mr. Porter's condition improved with medication, and make no reference to any functional limitations. (AR 763-64).

---

[2] The Zung Self-Rating Depression Scale is a short self-administered survey to quantify the depressed status of a patient. There are 20 items on the scale that rate the affective, psychological, and somatic symptoms associated with depression. Scores range from 20-80, and fall into four ranges: 20-44 Normal Range; 45-59 Mildly Depressed; 60-69 Moderately Depressed; and 70 and above Severely Depressed.

In evaluating Mr. Porter's credibility, the ALJ concluded that:

> [T]he claimant's medically determinable impairments could reasonably be expected to cause the alleged reported symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [ALJ's] residual functional capacity assessment.

(AR at 16). While the use of boilerplate language has been justly criticized, *see* Bjornson v. Astrue, 671 F.3d 640, 645 (7th Cir. 2012); Parker v Astrue, 597 F.3d 920, 922 (7th Cir. 2010), it doesn't require reversal if the ALJ "otherwise explain[s] h[er] conclusion adequately" and offers "reasons grounded in the evidence . . . ..." Filus v. Astrue, 694 F.3d 863, 868 (7th Cir. 2012); *see also* Shideler v. Astrue, 688 F.3d 306, 311-312 (7th Cir. 2012); Getch v. Astrue, 539 F.3d 473, 483 (7th Cir. 2008). While the ALJ's credibility analysis is less than perfect, she considered the factors set out in 20 C.F.R. §§ 404.1529 and 416.929 and Social Security Ruling 96-7p (*i.e.*, work history, medical evidence, treatment, medications taken and side effects related to those medications, and statements about Mr. Porter's activities of daily living), and found that Mr. Porter's statements regarding the severity and limiting effects of his impairments weren't entirely credible because they were inconsistent with his daily activities and the medical evidence as a whole.

The ALJ's assessment of Mr. Porter's credibility is entitled to great deference and won't be overturned "unless it is patently wrong." Shideler v. Astrue, 688 F.3d 306, 310-11 (7th Cir. 2012); *see also* Prochaska v. Barnhart, 454 F.3d 731, 738

(7th Cir. 2006); Herron v. Shalala, 19 F.3d 329, 335 (7th Cir. 1995). Mr. Porter hasn't made such a showing.

The claimant bears the burden of proof at steps one through four of the disability evaluation, 20 C.F.R. § 404.320; Briscoe v. Barnhart, 425 F.3d 345, 352 (7th Cir. 2005); Young v. Barnhart, 362 F.3d 995, 1000 (7th Cir. 2004), and as the ALJ noted in her opinion, none of the mental health care treating sources in this case identified any functional limitations related to depression or anxiety, or opined that Mr. Porter was unable to work as a result of his mental impairments. Indeed, the overwhelming evidence, including Mr. Porter's testimony at the hearing and his mother's written statements, indicated that any functional limitations resulted from physical impairments, not mental impairments.

Although the ALJ found that Mr. Porter's mental impairments caused mild limitations in social functioning and concentration, persistence, or pace (AR 13-14), she didn't include those limitations in her residual functional capacity assessment. Mr. Porter contends that the omission constitutes reversible error. The court disagrees.

The ALJ must consider all of the claimant's impairments, including impairments that aren't severe, in determining the claimant's residual functional capacity. *See* Castile v. Astrue, 617 F.3d 923, 927 (7th Cir. 2010); 20 C.F.R. 404.1520(e), 404.1545, 416.92(e) and 416.945; SSR 96-8p. Reversal is required only if the impact of the non-severe impairments wasn't fully considered. Denton

7

v. Astrue, 596 F.3d 419, 423 (7th Cir. 2010). The ALJ considered Mr. Porter's non-severe mental impairments, albeit somewhat belatedly.

The ALJ found that Mr. Porter's depression and anxiety responded to treatment, weren't severe, and didn't impose any additional restrictions on his residual functional capacity, but nevertheless included mental functional limitations related to social functioning and pace in an alternate hypothetical to the vocational expert and in her assessment of Mr. Porter's ability to perform other work at the fifth and final step of the evaluation, and limited the type of work he could do to jobs that fell within those limitations. Her findings were supported by the vocational expert's testimony and were uncontroverted, rendering any error in the residual functional capacity finding harmless. *See* Parker v. Astrue, 597 F.2d 920, 924 (7th Cir. 2010) (harmless error doctrine applicable to judicial review of administrative decisions); Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different decision.").

Substantial evidence supported the ALJ's findings at steps two and five of the disability evaluation. The court AFFIRMS the Commissioner's decision.

SO ORDERED.

ENTERED:   September 30, 2015

/s/ Robert L. Miller, Jr.
Judge, United States District Court
Northern District of Indiana